UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| CARMELA LYNN JACKSON,<br><br>             Plaintiff,<br><br>     vs.<br><br>JOHN EDWARD APLING II, ROBERT CODY KIEFFER, REMUS T. WEBB, JOHNNY DEPP, BILAL SALIME, VINCENT LNU, ZOIE JEWEL JACKSON,<br><br>             Defendants. | CIV. NO. 23-00050 LEK-KJM |

**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS WITH PREJUDICE AND DENYING AS MOOT PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

On January 27, 2023, pro se Plaintiff Carmela Lynn Jackson ("Jackson") filed her Complaint for Violation of Civil Rights ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 3.] For the reasons set forth below, the Complaint is hereby dismissed with prejudice, and the Application is denied as moot. In other words, Jackson has no claims remaining in this case, and she will not be allowed to file an amended complaint to try to cure the defects in the Complaint that are identified in this Order.

**STANDARD**

"Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates he is unable to pay." Smallwood v. Fed. Bureau of Investigation, CV. NO. 16-00505 DKW-KJM, 2016 WL 4974948, at *1 (D. Hawai`i Sept. 16, 2016) (citing 28 U.S.C. § 1915(a)(1)).

> The Court subjects each civil action commenced pursuant to Section 1915(a) to mandatory screening and can order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails to state a claim);[1] Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

Id. at *3.

In addition, the following standards apply in the screening analysis:

> Plaintiff is appearing pro se; consequently, the court liberally construes her pleadings. Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per

---

[1] Lopez has been overruled, in part, on other grounds by Peralta v. Dillard, 744 F.3d 1076 (9th Cir. 2014) (en banc).

2

> curiam))).  The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th. [sic] Cir. 2000).
>
> Despite the liberal pro se pleading standard, the court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on its own motion.  See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under [Rule] 12(b)(6).  Such a dismissal may be made without notice where the claimant cannot possibly win relief."); see also Baker v. Dir., U.S. Parole Comm'n, 916 F.2d 725, 727 (D.C. Cir. 1990) (holding that district court may dismiss cases *sua sponte* pursuant to Rule 12(b)(6) without notice where plaintiff could not prevail on complaint as alleged). . . . "Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute."  United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (quoting Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)).  The assumption is that the district court lacks jurisdiction.  See Kokkonen, 511 U.S. at 377.  Accordingly, a "party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction."  Thompson v. McCombe, 99 F.3d 352, 353 (9th Cir. 1996).

Flores v. Trump, CIVIL 16-00652 LEK-RLP, 2017 WL 125698, at *1 (D. Hawai`i Jan. 12, 2017) (some alterations in Flores) (some citations omitted), *reconsideration denied*, 2017 WL 830966 (Mar. 2, 2017).

3

**DISCUSSION**

I. **Screening of the Complaint**

The defendants named in Jackson's Complaint are: John Edward Apling II, Robert Cody Kieffer, and Zoie Jewel Jackson (Appling), of Detroit, Michigan; Remus T. Webb, of South Bend, Indiana; actor Johnny Depp, of Beverly Hills, California; Bilal Salime, of Dearborn, Michigan; and Vincent "Eden Library," of Los Angeles, California (collectively "Defendants"). [Complaint at PageID.2-3, PageID.7-8.] Jackson alleges her rights under the United States Constitution and under various treaties have been violated by Defendants, who Jackson alleges are part of "an illegal micro-governmental conspiracy where heterosexual women and children were murdered. This was achieved by switching frequencies." [Id. at PageID.3-4.] She also alleges that, when her children were born, she and her children "were given poison, 'Electromagnetic Specific Genetically Modified Metalloids'. The 'chemically altered minerals' were used to "Track/locate/and charge'" Jackson and her children. [Id. at PageID.4.] She also alleges they "have Bee [sic] **Murdered**! Using Electric Waves in the Air. All of Our Mass has been illegally charged." [Id. at PageID.5 (emphasis in original).]

From January 20, 2023 to February 7, 2023, Jackson filed thirteen actions in this district court. The allegation in some of the other cases were similar to the allegations that

4

Jackson makes in the Complaint in the instant case, and those complaints have been dismissed with prejudice. See, e.g., Carmela Lynn Jackson v. Indiana, et al., CV 23-00053 DKW-WRP, Order Dismissing Complaint with Prejudice, filed 2/6/23 (dkt. no. 5) ("CV 23-053 Dismissal Order"), at 1-2 ("The Complaint is indecipherable.  It identifies the 'Treaty of Fort Pitt' in 1778, the 'Treaty of Hopewell' in 1785, codes and 'micro-governmental' societies—apparently established by defendants—responsible for murdering millions of heterosexuals, the murder of innocent Native Americans, electronic tracking of Plaintiff using 'genetically metalloids', and the 'bitswitching' of Plaintiff's 'frequency', none of which have any apparent relation to one another." (footnote omitted)); Carmela Lynn Jackson v. Meghan Markle, et al., CV 23-00060 HG-RT, Order Denying Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3) and Dismissing Complaint with Prejudice (ECF No. 1), filed 2/9/23 (dkt. no. 5) ("CV 23-060 Dismissal Order"), at 1 ("The Complaint is indecipherable. It contains unintelligible pleadings and conspiracy theories about tracking devices and pyramid schemes.").  In both cases, the district court concluded that Jackson's allegations were "non-sensical and delusional rants" and that "nothing can be done to cure" her purported claims.  See CV 23-053 Dismissal

5

Order at 2; CV 23-060 Dismissal Order at 2 (using almost identical language).

In the instant case, even liberally construing Jackson's Complaint, it fails to state a claim upon which relief can be granted. See § 1915(e)(2)(B). Further, it is absolutely clear that Jackson cannot cure the defects in the Complaint by amendment. See Lucas, 66 F.3d at 248. Jackson's Complaint is therefore dismissed with prejudice. In other words, Jackson will not be allowed to file an amended complaint in this case to try to cure the defects in the Complaint.

## II. Application

Insofar as the Complaint has been dismissed with prejudice, it is not necessary for this Court to rule on the issue of whether Jackson is entitled to proceed without the prepayment of fees and costs. Jackson's Application is therefore denied as moot.

## CONCLUSION

On the basis of the foregoing, Jackson's Complaint, filed January 27, 2023, is HEREBY DISMISSED WITH PREJUDICE, and Jackson's Application to Proceed in District Court Without Prepaying Fees or Costs, also filed January 27, 2023, is DENIED AS MOOT.

There being no remaining claims in this case, the Clerk's Office is DIRECTED to close this case on **March 23, 2023,**

unless Jackson files a timely motion for reconsideration of this Order.

  IT IS SO ORDERED.

  DATED AT HONOLULU, HAWAII, March 8, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

CAMELA LYNN JACKSON VS. JOHN EDWARD APLING II, ET AL; CV 23-00050 LEK-KJM; ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS WITH PREJUDICE AND DENYING AS MOOT PLAINTIFF'S APPLICATIONN TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS